# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0750-20

J.B.,

    Plaintiff-Appellant,

v.

O.S.J.B.,

    Defendant-Respondent.

_____

Submitted September 14, 2021 – Decided September 22, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-0422-21.

Brause, Brause & Ventrice, LLC, attorneys for appellant (Pamela Lynn Brause, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff J.B. filed a complaint against his wife, defendant O.S.J.B., under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, alleging false imprisonment and harassment. At the final hearing, both parties were represented by counsel. Plaintiff testified on his own behalf and called to testify a police officer who responded to the scene after the occurrence of the incident in question. Defendant and her sister, who was present during the incident, also testified. At the hearing's conclusion, the trial judge rendered oral factual findings. He found plaintiff lacked credibility and concluded plaintiff failed to sustain his burden of proof. The complaint was dismissed.

Plaintiff appeals, arguing: (1) the judge's findings were "contrary to the substantial and credible evidence that defendant committed acts of domestic violence" and that he was in "need[] [of] the protection of a restraining order"; and (2) the judge erred in denying his request to admit into evidence certain photographs depicting his claimed injuries. We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

Specifically, plaintiff alleged and testified that on September 21, 2020, while the parties were putting their children to bed, defendant argued with him about a missing bracelet. According to plaintiff, defendant called her sister

during this argument and her sister arrived and "joined forces" with defendant in the argument about the bracelet. He also claimed that both defendant and her sister attempted to prevent plaintiff from leaving the apartment. Plaintiff called 9-1-1 and waited outside the apartment until police arrived. When they arrived, police escorted plaintiff back into the residence so he could retrieve some personal property and leave.

Plaintiff also testified that in August 2020, about six weeks earlier, defendant punched him and bit his arm, and that in May 2020 defendant stabbed him with a pair of scissors.

The judge appropriately recognized that the alleged acts of domestic violence – false imprisonment and harassment – were based on the September 20, 2020 events, and that the parties sharply disagreed about what had then occurred. In assessing their versions of that event, the judge correctly observed that it was plaintiff's burden to demonstrate his version was more likely true than defendant's. He concluded – having seen and heard the parties and other witnesses testify – that plaintiff was not a credible witness. According to the judge, plaintiff was "evasive" and on many occasions "inconsistent." Plaintiff's responses to questions were at times, in the judge's view, "very cagey." The

3

judge also stated that plaintiff's testimony about the August incident was "ridiculous" and so inconsistent and evasive that he "couldn't even follow" it.

The judge went on to find that even if he found plaintiff credible, defendant's version was "just as plausible as" plaintiff's and that defendant's version was corroborated by her sister. The judge also doubted plaintiff's allegations of prior domestic violence in May and August of 2020. And he concluded by stating that even if plaintiff had proven his claim, a final restraining order was not warranted because plaintiff's testimony that he was in fear defendant would "kill him" was "incredible."

All these findings were based on the judge's view of the parties' and other witnesses' credibility and are entitled to our deference. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Plaintiff has presented no persuasive reason why we should intervene or second-guess the judge's thorough factual findings.

We lastly observe that plaintiff's second point – that the judge erred in refusing to admit photographs of injuries plaintiff sustained in the alleged August 2020 incident – was erroneous. The record reveals that the judge admitted one photograph of the alleged injury and denied admission of the others – of which plaintiff now complains – because they were cumulative. Considering that the photographs relate only to an alleged prior act of domestic

4

violence having no other bearing on the incident that formed the basis for the complaint, and that a photograph was admitted of the same thing revealed in the excluded photographs, we find harmless any arguable error in the judge's handling of this evidence question.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0750-20